STATE of Iowa, Appellee,

v.

Ronald CARPENTER, Appellant.

No. 68337.

Supreme Court of Iowa.

May 18, 1983.

Dorothea O'Dean and Douglas C. Scovil of Winstein, Kavensky, Wallace & Doughty, Rock Island, Ill., for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and James L. Ottesen, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and McCORMICK, SCHULTZ, CARTER and WOLLE, JJ.

McCORMICK, Justice.

Defendant Ronald Carpenter appeals from his conviction by jury and sentence for failing to render reasonable assistance to a person injured in an accident in which he was involved, in violation of Iowa Code section 321.261 (1981), as amended by 1981 Iowa Acts ch. 103 § 4. The applicable statute now appears as section 321.261 in the 1983 Code. Because we find no merit in defendant's assignments of error, we affirm the trial court.

The relevant facts are somewhat bizarre but may be simply stated. We recite them in their light most favorable to the jury verdict.

Sue Hannon was defendant's girl friend. In the early morning hours of September 13, 1981, while intoxicated, she was a passenger in defendant's pickup truck in Davenport. The truck was driven by defendant, and Darrell Gheer was a second passenger. While the truck was in motion, Hannon opened the passenger door and jumped out, falling to the pavement and striking her head. Defendant stopped the truck, and he and Gheer found Hannon lying on her side with her head limp. She could not walk without support. The men assisted her into the truck, and she sat there silently

holding her head. Subsequently she lost consciousness. The men proceeded to a party at a motel. They left Hannon unattended in the truck for approximately 45 minutes. Then defendant took Gheer home and drove to his apartment. He again left Hannon in the truck where she was discovered by her former husband approximately two hours later. The ex-husband observed that she was bleeding and lying unconscious on the floor of the truck. Eventually he and defendant carried Hannon to defendant's apartment. Defendant contacted the police who in turn called the medical examiner. The medical examiner determined that Hannon was dead. The cause of death was a subdural hematoma resulting from the blow to her head when she fell to the pavement.

Four issues are presented. They are whether the statute is unconstitutionally vague, whether a photograph of the victim was erroneously admitted, whether the evidence is sufficient to support the verdict, and whether the court erred in refusing to give two requested instructions.

I. *Vagueness.* The relevant statutes are sections 321.261 and 321.263. In relevant part, section 321.261 provides:

1. The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop the vehicle at the scene of the accident or as close as possible and if able, shall then return to and remain at the scene of the accident in accordance with section 321.-263. Every such stop shall be made without obstructing traffic more than is necessary.

2. . . .

Any person failing to stop or to comply with the requirements in subsection 1 of this section, in the event of an accident resulting in the death of any person is guilty upon conviction of an aggravated misdemeanor.

In relevant part, section 321.263 provides:

The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address, and the registration number of the vehicle he is driving and shall upon request and if available exhibit his operator's or chauffeur's license to the person struck or the driver or occupant of or person attending any vehicle collided with and shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person.

The relationship between sections 321.261 and 321.263 is explained in *State v. Sebben,* 185 N.W.2d 771, 774 (Iowa 1971):

The first duty of a driver of a vehicle involved in an automobile accident under 321.261 is to stop and from there on it follows that he has the additional duties specified in 321.263, each of which are separate and distinct under the statute. When separate and distinct acts are required by the terms of the statute the omission of any one or more of them constitutes a violation.

Defendant was charged with violating section 321.261. That provision incorporates the duties specified in section 321.263. The trial court submitted only one alleged violation against defendant. It was the breach of duty specified in section 321.263 to render reasonable assistance to an injured person. The State alleged the injury resulted in Hannon's death. The court submitted an interrogatory to the jury on that issue.

Defendant is limited to the constitutional challenge he made in the trial court. Furthermore, he has standing only to challenge the statute as applied to him. *See State v. Willis,* 218 N.W.2d 921, 922–24 (Iowa 1974). As thus limited, his challenge is that the terms "accident," and "involved" as used in both sections and the terms "reasonable assistance" and "if it is apparent that such treatment is necessary" in section 321.263 are unconstitutionally vague under

the due process clause of U.S. Const. amend. XIV as applied in this case. As a result, he alleges the statutes do not advise a person of ordinary intelligence of the conduct that is proscribed nor do they tell the person what aid must be provided to an injured person. Principles governing a vagueness attack are discussed in *State v. Lee,* 315 N.W.2d 60 (Iowa 1982), and *State v. Aldrich,* 231 N.W.2d 890 (Iowa 1975), and will not be repeated here.

■ In *Sebben,* 185 N.W.2d at 774, the court said:

We agree with the State's suggestion that the manifest intent of section 321.- 261 is to prevent a motorist involved in personal injury or property damage accidents from evading liability, civil or criminal, as a result of such accident, by escaping before his identity can be established. Further, it is clear that the legislature intended to protect persons from distress or danger from additional mutilation and exposure, for want of proper treatment.

The meaning of the statutory terms must be viewed in that light.

■ When so viewed, the driver of a moving vehicle from which a person jumps and is injured should have no doubt that he is the driver of a vehicle "involved" in an "accident" within the meaning of sections 321.261 and 321.263. The statute does not not require a collision between the driver's vehicle and another vehicle or person. "Involve" means "to relate closely." *Webster's Third New International Dictionary* 1191 (1976). An "accident" is a "sudden event or change occurring without intent or volition through carelessness, unawareness, ignorance, or a combination of causes and producing an unfortunate result." *Id.* at 11. This definition is consistent with the discussion of the accident concept in *Farm & City Insurance Co. v. Potter,* 330 N.W.2d 263, 266–67 (Iowa 1983). The meaning of the terms "accident" and "involved" is sufficiently certain.

■ Section 321.263 sheds light on what "reasonable assistance" means when it re-

fers to the term as "including the carrying, or the making of arrangements for the carrying, of [the injured] person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person." The term obviously sets forth a "reasonable person" standard. A person who observes an individual who has suffered injury in an accident is charged with a duty to help by acting as a reasonable person in a like situation. The nature and extent of assistance will depend on all the circumstances. It may or may not involve calling or arranging for the calling of an ambulance or rescue vehicle to take the injured person somewhere for treatment. Furthermore, the need for treatment is "apparent" when it is "readily perceptible to the senses." *See Webster's Third New International Dictionary* 102 (1976). When a woman jumps from a moving vehicle and strikes her head on the pavement, the need for treatment might well be readily perceptible, and reasonable assistance might well include calling an ambulance or taking the person to a hospital. A person of ordinary intelligence is not required to guess at the meaning of the relevant statutory language.

We find that, as applied to defendant, the statute is not unconstitutionally vague in the respects asserted.

■ II. *The photograph.* Over defendant's objection, the trial court admitted a photograph of the dead body of Sue Hannon lying on the floor of his apartment. Defendant contends the photograph was "prejudicial and flamatory" as well as beyond the scope of cross-examination, immaterial, and irrelevant. The picture showed blood near the victim's ear and thus supported the State's theory that she showed visible signs of injury. Admissibility of the photograph was within the trial court's discretion under all the grounds of defendant's objection. We find no abuse of discretion in the court's ruling.

■ III. *Sufficiency of the evidence.* Defendant contends that the evidence was

insufficient to support the verdict or the jury's affirmative response to the interrogatory. Our standard of review is discussed in *State v. Schrier,* 300 N.W.2d 305, 306 (Iowa 1981).

Substantial evidence existed that Hannon jumped from the vehicle and hit her head on the pavement. She was subsequently unable to move without support, and she eventually lapsed into unconsciousness from which she never emerged. Although defendant asserted she spoke to him, the jury could find from other evidence that she was unable to communicate and did not do so. Defendant contends he reasonably believed Hannon was merely sleeping because of her intoxication. The jury could find, however, that he should have known she may have been unconscious as a result of the accident. For the duty of reasonable assistance to arise, it is not necessary for the driver to diagnose the injury. It is only necessary that the driver know or be reasonably charged with knowledge that the person has been injured. *See State v. Miller,* 308 N.W.2d 4, 7 (Iowa 1981).

The jury could find, as it apparently did, that defendant had the requisite knowledge but nevertheless failed to provide Hannon with reasonable assistance. The evidence that the injury caused Hannon's death was also substantial. The court did not err either in submitting the case to the jury or in propounding the interrogatory.

IV. *The instructions.* Defendant contends the court erred in refusing to give two requested instructions. One would have told the jury to acquit defendant "if at the time of the alleged occurrence he did not know that the accident was of such a nature that it was apparent that it resulted in injury to Sue Hannon." The second instruction would have told the jury to acquit defendant if the sole proximate cause of Hannon's death was "her own act or the act of another or the act of a party other than Ronald Carpenter...."

To the extent the concept expressed in defendant's first requested instruction was correct, it was adequately incorporated in the instructions given by the court. In its marshalling instruction the court informed the jury the State had the burden to prove that defendant was the driver of a vehicle involved in an accident resulting in injury to Hannon, that defendant knew the accident had taken place, and that he failed to render reasonable assistance to Hannon. We have no occasion to determine whether the instruction imposed a greater burden on the State concerning proof of defendant's knowledge of the accident than is required by *Miller,* 308 N.W.2d at 7. The relevant concept in defendant's first requested instruction was expressed in the court's separate instruction explaining the duty of reasonable assistance:

With regard to element no. 3 of Instruction No. 7, you are instructed that to "render reasonable assistance" means to render to the person injured assistance which would reasonably appear to the defendant, as an ordinary person, at the time to be necessary, and includes the carrying, or the making of arrangements for the carrying, of the injured person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent such treatment is necessary.

If the evidence did not show defendant could be charged with knowledge of Hannon's injury, the jury could not, under the court's instruction, find a breach of his duty to provide reasonable assistance. The court was not obliged to express this concept in defendant's words so long as it was adequately conveyed to the jury. *See State v. Robinette,* 216 N.W.2d 317, 318 (Iowa 1974). The court did not err in refusing defendant's first requested instruction.

The second requested instruction was also correctly refused. The statute imposes the duty to render reasonable assistance on a driver of a vehicle involved in an accident resulting in injury without regard to the cause of the injury. It does not require that the driver's conduct be a proximate cause of the accident. The second requested instruction was contrary to the statute.

AFFIRMED.