BENTON J.,
dissenting.
I.
The Commonwealth concedes that assault on a law enforcement officer as proscribed by Code § 18.2-57, which is the *771 offense of which Lolita Edwards was convicted, is not a lesser-included offense of attempted capital murder of a law enforcement officer as proscribed by Code § 18.2-31(6), which was the offense charged in the indictment.
The Due Process Clauses of the Constitution of the United States and the Constitution of Virginia mandate that an accused be given proper notification of the charges against him. U.S. Const. amend. XIV; Va. Const. art. 1, § 8.Code § 19.2-220 provides, in pertinent part, that an indictment shall be “a plain, concise and definite written statement, (1) naming the accused, (2) describing the offense charged, (3) identifying the county, city or town in which the accused committed the offense, and (4) reciting that the accused committed the offense on or about a certain date.” An indictment, to be sufficient, must give an accused notice of the nature and character of the charged offense so the accused can make his defense. Satcher v. Commonwealth, 244 Va. 220, 231, 421 S.E.2d 821, 828 (1992), cert. denied, 507 U.S. 933, 113 S.Ct. 1319, 122 L.Ed.2d 705 (1993).
It is firmly established, therefore, that an accused cannot be convicted of a crime that has not been charged, unless the crime is a lesser-included offense of the crime charged.
Commonwealth v. Dalton, 259 Va. 249, 253, 524 S.E.2d 860, 862 (2000).
The record establishes that, after the trial judge granted the motion to strike the charge of attempted capital murder, the prosecutor inquired about whether the judge was inclined to convict Edwards of a lesser-included offense. The following colloquy ensued:
[Prosecutor]: Your Honor, with that, will you be striking that down to possibly a lesser included offense under that, Your Honor?
[Judge]: Well, I haven’t heard any argument about that.
[Prosecutor]: I didn’t know if that’s possible—
[Judge]: What lesser included offense would you suggest?
[Prosecutor]: Your Honor, the Commonwealth would argue that under any of the homicide statutes or attempted homi *772 cide statutes, Your Honor, that any of the assault and battery offenses would be lesser included which would include malicious wounding, unlawful wounding, assault and battery on a law enforcement officer—
[Judge]: So you don’t have an argument then for that, just anything I want to do is okay with you?
[Prosecutor]: Well, Your Honor, just articulating what the lesser included offenses would be.
[Judge]: I know what all I can do. I just wanted to know if you had a position on it.
[Prosecutor]: Your Honor, the Commonwealth would argue that here, clearly, an assault on a law enforcement officer did take place....
[Judge]: You think assault on a police officer is a lesser included offense?
[Prosecutor]: In this particular case, Your Honor, given the elements—
[Judge]: Not in this particular case, in any case is assault on a police officer a lesser included offense of attempted capital murder?
[Prosecutor]: Under the enumerated section that makes this attempted capital murder because it was on a law enforcement officer, Your Honor, it’s the Commonwealth’s position that yes, it is.
The record indicates that Edwards’s attorney objected. In pertinent part, he gave the following reasons:
Your Honor, I think under the Blockburger analysis for lesser included offenses, I don’t think that meets the requirement. The attempted capital murder statute does not include the element of the defendant having reason to know the person was a law enforcement officer. Assault and battery on a police officer requires that—
The elements of the statute of attempted capital murder do not include that as a requirement. The statute for *773 assault and battery on a law enforcement officer requires the Commonwealth to prove as an element that the defendant had reason to know that the person assaulted is a law enforcement officer.
Just as to the argument as to whether or not the Court could find for a lesser included offense, I don’t think assault and battery on a police officer is a lesser included offense of attempted—
i-: % sK
As I stated, the element in assault and battery on a police officer requires the Commonwealth to prove that the defendant had reason to know that the person assaulted was a law enforcement officer.
Yes, sir, judge, but there’s no element in the attempted capital murder statute that requires the Commonwealth to prove that the defendant had reason to know that the person was a law enforcement officer.
The context in which the lesser offense was suggested by the prosecutor is important because these discussions indicate the prosecutor was unsure that a lesser-included offense was “possible” and then suggested with some uncertainty various alternatives that the judge might consider. Only after the judge pressed for her “position” did the prosecutor settle upon assault on a law enforcement officer as a lesser-included offense. Then, however, the prosecutor argued that the facts “[i]n this particular case” suggested that the offense of assault was a lesser-included offense. See Ragsdale v. Commonwealth, 38 Va.App. 421, 427-28, 565 S.E.2d 331, 334-35 (2002) (noting that the Blockburger test suggests the “two offenses ‘are to be examined in the abstract, rather than with reference to the facts of a particular case under review ”). Responding to those arguments, Edwards’s attorney said, “Your Honor, I think under the Blockburger analysis for lesser included offenses I don’t think that meets the requirement.” Although Edwards’s attorney advanced at trial a Blockburger analysis different than the one now urged on appeal, I would hold that *774 the uncertainty that prevailed at the trial on this issue provides a “good cause” basis to consider this issue on appeal. See Jones v. Commonwealth, 194 Va. 273, 280, 72 S.E.2d 693, 697 (1952) (holding that “formal objection” would be excused when the attorneys were “taken by surprise” by the judge’s actions and the attorneys “were rather depending on the court in a situation new to them”); Campbell v. Commonwealth, 14 Va.App. 988, 996, 421 S.E.2d 652, 656 (1992) (Barrow, J., concurring) (noting that “ ‘[g]ood cause’ relates to the reason why an objection was not stated at the time of the ruling”).
Because Edwards’s trial attorney’s objection invoked the correct legal principle, i.e. Blockburger, I would hold that her argument, which focused on only one of several possible analyses, does not bar our review of the appeal under the good cause prong of Rule 5A:18. Accordingly, I would reverse the conviction for assault and remand this issue to the trial court.
II.
In addition to convicting Edwards of assaulting a law enforcement officer, the trial judge convicted her of eluding a law enforcement officer after receiving a signal to bring her vehicle to a stop, see Code § 46.2-817, driving under the influence of alcohol, see Code § 18.2-266, driving on a suspended license, see Code § 46.2-301, and failing to stop at the scene of an accident to give information and render assistance, see Code § 46.2-894. Edwards contends the evidence was insufficient to prove a violation of Code § 46.2-894.
The evidence proved Edwards was driving erratically, although not exceeding the speed limit, and while intoxicated. Officer White, who followed Edwards with his siren activated, testified that Edwards’s “music was playing extremely loud.” When Edwards stopped her vehicle at the end of a bridge, Officer White stopped his vehicle “slightly beside [Edwards’s] vehicle” and to the left of it. Officer White testified that he “exited [his] vehicle and attempted to extract [Edwards,] the driver” when the following events occurred:
*775 Q: Now, you said you reached in the driver’s side and put your hands on the defendant to try to get that person out of the vehicle?
A: That’s correct.
Q: Put both hands on the individual?
A: No, my right hand.
Q: The window, was it — It was already down, correct?
A: Yes.
sfc # * * * *
Q: Now, was the defendant’s vehicle still running at that time?
A: Yes.
Q: Did you make any attempts to or commands for the defendant to get out of the vehicle before you put your hands into the vehicle trying to get her out?
A: I was saying, “Turn off the car, turn off the car,” which is what I normally do, but there were sirens—
Q: Did you attempt to open — You didn’t attempt to open the door before you put your hands in?
A: I couldn’t. There wasn’t enough room between the cars.
As Officer White pulled at Edwards through the window to “extract” her from the vehicle, Edwards’s vehicle moved forward. Officer Sykes, who had stopped his vehicle behind Edwards, testified that Edwards’s vehicle began to move after Officer White “grabbed [Edwards’s] arm and attempted to pull [Edwards] from the vehicle.” He described the movement of Edwards’s vehicle as follows:
Q: And was that — That was at a speed of about five to ten miles, is that correct?
A: If that. She kind of like was creeping off the curb. It wasn’t a fast acceleration.
Edwards’s vehicle hit Officer White’s vehicle, hit another officer’s vehicle, which was parked ahead of Officer White’s vehicle, and then jumped the curb onto a lawn. Officer Sykes *776 testified that he drove around the two damaged vehicles and “positioned [his] vehicle alongside [Edwards’s] vehicle, kind of following [Edwards’s] vehicle.” He said Edwards’s “vehicle was headed toward the house but stopped before striking the house.” Edwards’s vehicle had traveled fifty to one hundred feet from the place where Officer White had attempted to pull Edwards from her vehicle.
In pertinent part, Code § 46.2-894 provides that “[t]he driver of any vehicle involved in an accident in which a person is ... injured or in which an attended vehicle ... is damaged shall immediately stop as close to the scene of the accident as possible without obstructing traffic ... and report [identifying information].” Applying a substantially similar predecessor statute, the Supreme Court held as follows:
[I]n order to be guilty of violating the statute, the driver must be aware that harm has been done; it must be present in his mind that there has been an injury; and then, with that in his mind, he must deliberately go away without making himself known.
Herchenbach v. Commonwealth, 185 Va. 217, 220, 38 S.E.2d 328, 329 (1946) (citations and internal quotations omitted) (emphasis added).
The evidence failed to prove that Edwards intentionally, consciously, or deliberately drove her vehicle as Officer White attempted to pull her from the vehicle while the vehicle’s engine was engaged. Indeed, the evidence fails to negate the hypothesis that the officer’s actions dislodged Edwards’s foot from the brake pedal, as she testified, and, thus, caused the vehicle to move without any control being exercised by Edwards. Officer Sykes’s testimony that the vehicle slowly moved away and came to a halt fifty to one hundred feet away on a lawn before striking a house supports the hypothesis that Edwards momentarily lost control as a result of Officer White’s attempt to pull her from the vehicle through the window.
It has long been the rule that “[t]he gravamen of the charge under consideration is the flight from the scene and failure to *777 give succor or aid to the injured party.” Blankenship v. Commonwealth, 184 Va. 495, 500, 35 S.E.2d 760, 762 (1945). See also James v. Commonwealth, 178 Va. 28, 37, 16 S.E.2d 296, 300 (1941). Evidence that established only that the vehicle moved fifty to one hundred feet after the operator momentarily was deprived of control of the vehicle is insufficient to prove beyond a reasonable doubt the element of flight or deliberately driving away as required to prove a violation of Code § 46.2-894.
For these reasons, I would reverse that conviction.