PRESENT: Hassell, C.J., Keenan, Koontz, Lemons, Goodwyn, and
         Millette, JJ., and Stephenson, S.J.

PETER MARK MILAZZO

                                          OPINION BY
v.  Record No. 080178    SENIOR JUSTICE ROSCOE B.STEPHENSON, JR.
                                          October 31, 2008
COMMONWEALTH OF VIRGINIA


                FROM THE COURT OF APPEALS OF VIRGINIA


     The issue in this appeal is whether the evidence was

sufficient as a matter of law to prove that Peter Mark Milazzo

was guilty of felony hit and run, in violation of Code § 46.2-

894.

                                 I

     Milazzo was tried without a jury in the Circuit Court of

Mecklenburg County.  The court found Milazzo guilty of felony

eluding the police, in violation of Code § 46.2-817(B); felony

destruction of property, in violation of Code § 18.2-137(B);

felony failing to stop at the scene of an accident, in violation

of Code § 46.2-894; and misdemeanor reckless driving, in

violation of Code § 46.2-852.

     Milazzo appealed to the Court of Appeals his conviction for

failing to stop at the scene of an accident.  A judge of the

Court of Appeals, in a per curiam order, denied the petition for

appeal.  Milazzo v. Commonwealth, Record No. 0795-07-2 (Sept.

26, 2007).  Thereafter, a three-judge panel of the Court of

Appeals also denied the appeal.  <u>Milazzo v. Commonwealth</u>, Record No. 0795-07-2 (Dec. 20, 2007).  We awarded Milazzo this appeal.

II

The facts relevant to this appeal are not in dispute.  On August 9, 2006, Milazzo was the operator of a motor vehicle in the Town of South Hill.  Corporal W.S. Johnson of the town police department stopped Milazzo for speeding.  When Corporal Johnson advised Milazzo why he was stopped, Milazzo became belligerent, put his car in gear, and sped away.

Corporal Johnson pursued Milazzo's car through several streets of the town.  During this pursuit, Milazzo exceeded the posted speed limit and ignored several stop signs and red traffic lights.  He also crossed a double solid line to pass several cars.  Eventually, Milazzo drove onto Interstate 85 where South Hill Police Officer Mike Waters joined in the pursuit.  When Corporal Johnson endeavored to pass Milazzo's car, Milazzo swerved his car toward Johnson.  Milazzo drove his vehicle onto an exit ramp where he lost control of his car temporarily.  The car spun around and came to a stop.

Corporal Johnson placed his police car behind Milazzo's car, and Officer Waters placed his car in front of Milazzo's car.  Milazzo first drove forward and "rammed" Officer Waters' car.  He then backed up, striking Corporal Johnson's vehicle,

2

and again drove forward, striking Officer Waters' car a second time.

When Milazzo was unable to drive away from the scene, he exited his car, jumped over a guardrail, and fled on foot into a wooded area.  The police apprehended him later that night.

III

Code § 46.2-894 provides, in pertinent part, as follows:

> The driver of any vehicle involved in an accident
> . . . in which an attended vehicle . . . is damaged
> shall immediately stop as close to the scene of the
> accident as possible . . . and report his name,
> address, driver's license number, and vehicle
> registration number forthwith to the State Police or
> local law-enforcement agency . . . or to the driver or
> some other occupant of the vehicle collided with.

In denying Milazzo's petition for appeal, the Court of Appeals noted in its per curiam order that "[t]he purpose of Code § 46.2-894 'is to prevent motorists involved in accidents from evading civil or criminal liability by leaving the scene of an accident and to require drivers involved in an accident to provide identification information and render assistance to injured parties.' "  Milazzo, slip op. at 2 (quoting Smith v. Commonwealth, 8 Va. App. 109, 115, 379 S.E.2d 374, 377 (1989) (decided under former Code § 46.1-176)).  The Court of Appeals also noted that the word "accident" is defined, in part, as " 'an unfortunate event.' "  Id. (quoting Smith, 8 Va. App. at 114, 379 S.E.2d at 377 (quoting Webster's Seventh New Collegiate

3

Dictionary 5 (1963))). The Court of Appeals determined that the trial court could conclude, from the evidence presented, that Milazzo had been involved in an "unfortunate event" and, pursuant to Code § 46.2-894, had the duty to remain at the scene and provide information.

## IV

On appeal, Milazzo contends, as he did in the Court of Appeals, that his conduct was intentional and that, therefore, he was not involved in an "accident." The Commonwealth contends that the term "accident," as used in a so-called hit-and-run statute, is not limited to unintentional incidents. The Commonwealth relies, in part, upon State v. Smyth, 397 A.2d 497 (R.I. 1979).

In Smyth, the Supreme Court of Rhode Island considered the meaning of the word "accident," as used in a statute that requires a driver involved in a highway accident resulting in personal injury to render aid to injured persons, to provide certain information to the other parties to the accident, and to notify the police. Id. at 499. The defendant had been charged with, and convicted of, leaving the scene of an accident in which personal injury had occurred, and he contended that the collision, because it was intentional, was not an accident within the meaning of the statute. Id. at 498. In affirming the defendant's conviction, the Supreme Court of Rhode Island

4

stated that the purpose of the statute is to protect injured persons and to assure the fair assessment of financial responsibility. Id. at 499. The Court further stated that the statute "is unconcerned with the cause of the accident—whether it be by act of God, by negligent conduct, by willful or wanton conduct, or by intentional act." Id. The Court explained its rationale as follows:

> We do not believe that the statute's reporting requirements should depend on the mental state of the actor involved in a vehicular collision. From the viewpoint of the perpetrator of an intentional act, the act is surely not an accident within the more common definition of the term. But from the perspective of the injured victim, the primary beneficiary of the statute, he or she has been involved in an accident and needs the same protections afforded other highway casualties. Therefore, we believe that the Legislature intended the term "accident" to include all automobile highway collisions—intentional as well as unintentional—where personal injury occurs.

Id. (footnotes omitted).

V

In the present case, we agree with the Commonwealth and the reasoning of the Supreme Court of Rhode Island in Smyth. The purpose of Code § 46.2-894 is to protect persons injured as the result of, and to ensure the assessment of liability arising out of, an unfortunate vehicular event. The statute's primary beneficiary is the injured victim, and it makes no difference whether the collision was intentional or unintentional.

5

Therefore, the evidence was sufficient to prove that Milazzo was guilty of felony hit and run, in violation of Code § 46.2-894.

VI

Accordingly, we will affirm the judgment of the Court of Appeals.

<u>Affirmed</u>.