COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Chief Judge Huff, Judge Russell and Senior Judge Bumgardner
Argued at Chesapeake, Virginia

LAMARR RAMON MASEAN SMITH

OPINION BY
v.        Record No. 1117-15-1           CHIEF JUDGE GLEN A. HUFF
                                         MAY 17, 2016
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

Kurt A. Gilchrist for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Lamarr R. Smith ("appellant") appeals his conviction of felony hit and run, in violation of

Code § 46.2-894.  After a bench trial in the Circuit Court of the City of Portsmouth ("trial

court"), appellant was sentenced to one year and six months of active incarceration.  On appeal,

appellant argues that the evidence was insufficient to support his conviction because he never left

the scene of the accident and provided all required information to the police officer.  Because

appellant did not provide all the information required by Code § 46.2-894, this Court affirms

appellant's conviction.

I.  BACKGROUND

On appeal, "we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial."

Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (en banc)

(quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).  So viewed,

the evidence is as follows.

In April 2013, appellant and his girlfriend, Sheryl Boone ("Boone"), lived in an apartment over a restaurant in Portsmouth. Sydney Meers ("Meers"), the restaurant's owner, lived directly across the street from the restaurant. Shortly after midnight on April 2, 2013, Meers heard a car's engine "rev up" and looked outside where he "saw a car run into [his] building." Meers recognized appellant as the driver.

Detective Roesch ("Roesch") of the Portsmouth Police Department arrived at the accident scene. As Roesch was taking photographs and inspecting the crime scene, he noticed that "a section of the driver's side air bag . . . appeared to contain what looked like a blood stain." During this investigation, appellant approached Roesch on "several occasions," inquiring "in regards to any possible suspects . . . , as he previously had stated that he believed someone had stolen his vehicle and then crashed it into the building . . . ." After Roesch indicated that a portion of the "deployed driver's front air bag . . . appeared to have a blood stain," appellant responded that "he had previously cut his finger earlier in the day and was concerned that that would somehow have contaminated the air bag." Appellant also told Roesch that he was not "driving the vehicle as it struck the building."

On cross-examination, Roesch testified that appellant provided Roesch with his name and that all of his contact with appellant occurred at the site of the crash. Roesch also testified that upon receiving appellant's name he "would have . . . checked to see if [appellant] had a valid driver's license . . . ." Roesch knew that appellant resided in the apartment above the restaurant due to "[appellant's] statements later on," and Roesch testified that the car was at the scene of the accident and, therefore, was "available [for him] to look at the registration."

At the conclusion of the Commonwealth's evidence, appellant moved to strike the evidence on the ground that the hit and run statute required him to provide four pieces of information at the

scene of the accident, all of which he either gave to Roesch or were "at [his] disposal." The trial court denied the motion.

Testifying for appellant, Boone stated that on the night of the crash, she and appellant had an altercation after which appellant left with his friend, Richard. Around midnight, Boone heard a loud boom, which shook the building. She walked outside to see appellant standing outside her car, which was on the sidewalk. Additionally, appellant testified that Richard had been driving the car at the time of the crash and that Richard left the accident scene. He further testified that he injured his hand during the crash and that his bleeding finger touched the inflated airbag when he reached to turn the car off. When reminded that he initially told the police the vehicle had been stolen, appellant testified that he was in "panic mode" and was not thinking at the time.

At the close of all the evidence, appellant renewed his motions to strike arguing, in part, that appellant had provided all information required by Code § 46.2-894. The Commonwealth responded by arguing that "[h]aving been the driver, [appellant] was required to admit that to the police" under the statute. The trial court denied appellant's renewed motion to strike and found him guilty as charged. This appeal followed.

## II. ANALYSIS

On appeal, appellant contends that the evidence was insufficient to support his conviction for felony hit and run. Specifically, appellant argues that his conviction should be reversed because he never left the scene of the accident and provided Roesch with all the information that is required by Code § 46.2-894. The Commonwealth responds by arguing that appellant did not satisfy the requirements of Code § 46.2-894 because he did not inform Roesch that he was driving the vehicle.

- 3 -

Our standard for reviewing the sufficiency of the evidence is firmly established:

> [W]hen the sufficiency of the evidence is challenged on appeal, the evidence and all reasonable inferences fairly drawn therefrom must be viewed in the light most favorable to the Commonwealth. The trial court's judgment should be affirmed unless it appears that it is plainly wrong or without evidence to support it.

Spencer v. Commonwealth, 238 Va. 275, 283, 384 S.E.2d 775, 779 (1989) (citations omitted). Additionally, under this familiar standard of review, "[a]n appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id.

Appellant's argument also requires this Court to review the trial court's interpretation of Code § 46.2-894; such "[q]uestions of statutory interpretation are reviewed *de novo*." Sarafin v. Commonwealth, 288 Va. 320, 325, 764 S.E.2d 71, 74 (2014) (citing Belew v. Commonwealth, 284 Va. 173, 177, 726 S.E.2d 257, 259 (2012)). This Court construes statutes to "'ascertain and give effect to the intention' of the General Assembly." Farhoumand v. Commonwealth, 288 Va. 338, 343, 764 S.E.2d 95, 98 (2014) (quoting Rutter v. Oakwood Living Ctrs. of Va., Inc., 282 Va. 4, 9, 710 S.E.2d 460, 462 (2011)). "[W]e must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity." Scott v. Commonwealth, 58 Va. App. 35, 48, 707 S.E.2d 17, 24 (2011) (quoting Evans v. Evans, 280 Va. 76, 82, 695 S.E.2d 173, 176 (2010)). "Accordingly, '[t]he plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction.'" Id. (quoting Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 638 S.E.2d 174, 178 (2007)). "Where the legislature has used words of a plain and

definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed." Crislip v. Commonwealth, 37 Va. App. 66, 71-72, 554 S.E.2d 96, 98 (2001) (quoting Dominion Trust Co. v. Kenbridge Constr., 248 Va. 393, 396, 448 S.E.2d 659, 660 (1994)).

Code § 46.2-894 provides,

> The driver of any vehicle involved in an accident in which a person is killed or injured or in which an attended vehicle or other attended property is damaged shall immediately stop as close to the scene of the accident as possible without obstructing traffic . . . and report his name, address, driver's license number, and vehicle registration number forthwith to the State Police or local law-enforcement agency, to the person struck and injured . . . , or to the driver or some other occupant of the vehicle collided with or to the custodian of other damaged property.

In interpreting a previous, but nearly identical, version of Code § 46.2-894,[1] the Supreme Court stated that "[t]he duty imposed upon the driver of a vehicle involved in an accident is not passive. It requires positive, affirmative action; - - that is, to stop and give the aid and information specified." Herchenbach v. Commonwealth, 185 Va. 217, 220, 38 S.E.2d 328, 329 (1946). In the present case, appellant contends that his conviction under this statute should be reversed because he remained at the scene of the accident and provided Roesch with "all the information required by law." While he admits that he did not tell Roesch that he was the driver

---

[1] The text of this former version stated that

> [t]he driver of any vehicle involved in an accident resulting in injuries to or death of any person, or damage to property, shall immediately stop at the scene of such accident or as close thereto as is possible without obstructing traffic and give to the person struck and injured, or to the driver or some other occupant of the vehicle collided with, his name, address, operator's or chauffeur's license number, and the registration number of his vehicle.

Herchenbach v. Commonwealth, 185 Va. 217, 219-20, 38 S.E.2d 328, 329 (1946).

of the vehicle – in fact, he expressly denied that he was the driver – he contends that Code § 46.2-894 does not require such a disclosure. We disagree.

In Smith v. Commonwealth, 8 Va. App. 109, 115, 379 S.E.2d 374, 377 (1989), this Court held that the purpose of a former version of Code § 46.2-894 "is to prevent motorists involved in accidents from evading civil or criminal liability by leaving the scene of an accident and to require drivers involved in an accident to provide identification information and render assistance to injured parties." See also Milazzo v. Commonwealth, 276 Va. 734, 736-37, 668 S.E.2d 158, 159 (2008). "While we acknowledge the requirement that we strictly construe ambiguous penal statutes against the Commonwealth, Welch v. Commonwealth, 271 Va. 558, 563, 628 S.E.2d 340, 342 (2006), we are also aware 'that the plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction.'" Williams v. Commonwealth, 57 Va. App. 341, 351, 702 S.E.2d 260, 265 (2010) (quoting Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983)). Thus, this Court "will not apply 'an unreasonably restrictive interpretation of the statute' that would subvert the legislative intent expressed therein." Id. (quoting Armstrong v. Commonwealth, 263 Va. 573, 581, 562 S.E.2d 139, 144 (2002)). Indeed, our "task, as always with issues of statutory construction, is to 'search out and follow the true intent of the legislature, and to adopt that sense of the words which harmonizes best with the context, and promotes in the fullest manner apparent policy and objects of the legislature.'" Marshall v. Commonwealth, 58 Va. App. 210, 215, 708 S.E.2d 253, 255 (2011) (quoting Colbert v. Commonwealth, 47 Va. App. 390, 394, 624 S.E.2d 108, 110 (2006)).

Although Code § 46.2-894 does not explicitly state that the driver shall identify himself as such, the language and context of the statute, which repeatedly and specifically refers to "the driver," logically imply such a requirement. Specifically, Code § 46.2-894 provides that "[t]he

driver" of an involved vehicle must immediately stop and report his "name, address, driver's license number, and vehicle registration number . . . ." The statute further requires that "[t]he driver shall also render reasonable assistance to any person injured . . . ." Id. These repeated and specific references to "the driver" establish that the information sought is relevant only inasmuch as it is the personal information of the individual who is "the driver" of the vehicle involved in the accident. As such, Code § 46.2-894's requirement that "the driver" provide his "driver's license number" makes little sense and cannot be given its logical effect unless the driver informs the officer that he was driving. See People v. Hernandez, 250 P.3d 568, 571-72 (Colo. 2011) (holding that Colorado's analogous hit and run statute could only be given logical effect if the driver is required to reveal that he was, in fact, driving the vehicle involved in the accident).

Additionally, Code § 46.2-894's first sentence specifically requires "[t]he driver *of any vehicle involved in an accident*" to stop and report the required information. (Emphasis added). Thus, the General Assembly is not just concerned with a driver, and not with just a vehicle, but rather with the driver of a vehicle involved in an accident. In light of this, Code § 46.2-894's requirement that "the driver" provide the "vehicle registration number" makes little sense unless the driver informs the officer that this was the vehicle he was driving that was involved in the accident. See People v. Kroncke, 83 Cal. Rptr. 2d 493, 499 (Cal. Ct. App. 1999) (holding that under California's hit and run statute, a "driver of a vehicle involved in an accident can furnish [the information required by the statute] only by identifying himself as the driver of the vehicle involved in the accident").

To interpret Code § 46.2-894 as not requiring a driver to reveal that he was driving would not only inhibit the provision's language from having its logical effect, it would also "subvert the legislative intent." Williams, 57 Va. App. at 351, 702 S.E.2d at 265. As noted above, our hit and run statute seeks "to prevent motorists involved in accidents from evading civil or criminal

- 7 -

liability by leaving the scene of an accident and to require drivers involved in an accident to provide identification information and render assistance to injured parties." Smith, 8 Va. App. at 115, 379 S.E.2d at 377. As our Supreme Court noted in Virginia Elec. & Power Co. v. Board of Cnty. Supervisors, 226 Va. 382, 388, 309 S.E.2d 308, 311 (1983), "[t]he purpose for which a statute is enacted is of primary importance in its interpretation or construction." We adhere to this rule because "[l]egislative words derive vitality from the obvious purposes for which the statutes are enacted," Rountree Corp. v. Richmond, 188 Va. 701, 712, 51 S.E.2d 256, 260-61 (1949), and it is this Court's "task . . . to 'search out and follow the true intent of the legislature, and to adopt that sense of the words which harmonizes best with the context, and promotes in the fullest manner the apparent policy and objects of the legislature,'" Marshall, 58 Va. App. at 215, 708 S.E.2d at 255. Code § 46.2-894's provision that requires "the driver" to "report his name, address, driver's license number, and vehicle registration number" can only further the statute's purpose if the driver is also required to report that he was, in fact, the driver. To hold otherwise would permit drivers to avoid civil and criminal liability by providing all the required information but nevertheless insist, as appellant did in the present case, that they were not driving. As this is precisely the behavior that Code § 46.2-894 seeks to criminalize, this Court cannot apply such a curious and narrow interpretation. See Williams, 57 Va. App. at 351, 702 S.E.2d at 265 (This Court "will not apply 'an unreasonably restrictive interpretation of the statute' that would subvert the legislative intent expressed therein." (quoting Armstrong, 263 Va. at 581, 562 S.E.2d at 144)).

Accordingly, this Court holds that Code § 46.2-894's language requires that a driver involved in an accident must identify himself as the driver. See, e.g., State v. Nazarian, 8 A.3d 562, 568 (Conn. App. Ct. 2010) (where statute imposed certain obligations on "the person operating a motor vehicle," the court "fail[ed] to see how a person . . . can comply with those

obligations when he has failed to identify himself as the operator of the motor vehicle"); see also

Hernandez, 250 P.3d at 572 (concluding that "the express language of [Colorado's analogous

statute] can be given logical effect only if a driver identifies himself as a driver"). As it is not

contested that appellant was the driver of the vehicle and that he failed to disclose this fact to

Roesch at the scene of the accident, he did not comply with the statute. Therefore, the evidence

is sufficient to support his conviction for felony hit and run, in violation of Code § 46.2-894.[2]

## III. CONCLUSION

Based on the foregoing, this Court affirms appellant's conviction.

Affirmed.

---

[2] On brief, appellant additionally argues that interpreting Code § 46.2-894 to require disclosure that appellant was the driver would violate "the Constitution['s] . . . prohibition against self-incrimination." Appellant conceded during oral argument, however, that this argument was not made before the trial court. Consequently, it is procedurally barred. See Brown v. Commonwealth, 279 Va. 210, 217, 688 S.E.2d 185, 189 (2010) ("Rule 5A:18 requires a litigant to make timely and specific objections, so that the trial court has 'an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" (quoting West v. Commonwealth, 43 Va. App. 327, 337, 597 S.E.2d 274, 278 (2004))); see also Johnson v. Commonwealth, 58 Va. App. 625, 637, 712 S.E.2d 751, 757 (2011) ("Making one specific argument on an issue does not preserve a separate legal point on the same issue for review."). In any event, appellant's argument was resolved by the Supreme Court's opinion in Banks v. Commonwealth, 217 Va. 527, 532, 230 S.E.2d 256, 259 (1976), which held that

> even though there may be a "real" possibility of self-incrimination to the "hit and run"-habitual offender stemming from enforcement of our statute, nevertheless, the State's vital interest in its self-reporting system compels rejection of an effort to extend the self-incrimination privilege to such statutory framework.

See also California v. Byers, 402 U.S. 424 (1971) (holding that the privilege against self-incrimination was not infringed by California's hit-and-run statute since a substantial risk of self-incrimination did not result from complying with the statute, which was essentially regulatory, promoting satisfaction of civil liabilities for automobile accidents, rather than criminal, and which was directed at the public at large).