## STATE OF CONNECTICUT *v.* GILBERT NAZARIAN
### (AC 30290)

Gruendel, Robinson and Hennessy, Js.

Argued October 22—officially released December 14, 2010

*Alexander H. Schwartz*, for the appellant (defendant).

*Nancy L. Chupak*, senior assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's

attorney, and *David R. Applegate*, assistant state's attorney, for the appellee (state).

*Opinion*

GRUENDEL, J. The defendant, Gilbert Nazarian, appeals from the judgment of conviction, rendered after a jury trial, of negligent homicide with a motor vehicle in violation of General Statutes (Rev. to 2005) § 14-222a (2), evasion of responsibility in the operation of a motor vehicle in violation of General Statutes § 14-224 (a) and making a false statement in the second degree in violation of General Statutes § 53a-157b (a). On appeal, the defendant claims that (1) the evidence adduced at trial was insufficient to sustain his conviction of evasion of responsibility in the operation of a motor vehicle and (2) the court improperly instructed the jury on the elements of that crime. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. At approximately 3:45 a.m. on August 21, 2006, the defendant, his girlfriend, Elizabeth Green, and Manuel "Tony" Martinez exited the Tropic nightclub in Port Chester, New York. At that time, they engaged in a verbal altercation with another group of patrons that included the victim, Mike Castillo. The patrons thereafter retreated to their respective vehicles. The defendant departed the premises with Green in the front passenger seat and Martinez in a rear seat of his Acura RSX motor vehicle; the victim, Oscar Velez, Carlos Londono and Andrez Panqueba left in a Toyota Corolla. Both vehicles then traveled on Interstate 95, at times racing, and exited in Stamford. Eventually, the defendant stopped his vehicle at a red traffic signal on East Main Street, and the Toyota Corolla approached. The victim then exited the vehicle, ran over to the defendant and began punching him through the open driver's side

window. When the traffic signal turned green, the defendant sped off with the victim's arm still inside the vehicle, reaching a speed in excess of thirty-seven miles per hour. As a result, the victim was dragged down the road, causing smoke to emanate from his shoes. Because the victim was clinging to the vehicle, the defendant applied the brakes in an effort to remove him. When that effort proved unsuccessful, the defendant "hit the gas and [the victim then] came off the [vehicle]." When Velez, Londono and others found the victim lying in the street moments later, blood was coming from his mouth and the back of his head. They immediately called 911 for assistance. The victim was transported to a nearby hospital, where he was pronounced dead. Ira Kanfer, a state medical examiner, testified that the cause of death was the severing of the victim's spinal cord from his brain due to the impact of his head hitting the street.

When the victim fell from the defendant's vehicle, the defendant did not stop the vehicle or attempt to render assistance in any manner. Instead, he continued to his residence at 44 Strawberry Hill Avenue, which is approximately one and one-half miles from the scene of the incident. Within minutes of the incident, Martinez called a nonemergency telephone number to contact the Stamford police. He stated that he had just been involved in an altercation on East Main Street. Martinez did not report that there had been an accident or that the victim had been dragged by the vehicle and had fallen from it at that time.[1] Notably, Martinez indicated that he had been the operator of the Acura that evening.

---

[1] The audio recording of Martinez' call to the Stamford police was admitted into evidence. The transcript of the conversation contained therein is as follows:

"[Stamford Police Department]: Stamford Police Department.

"Martinez: Yes how are you doing officer?

"[Stamford Police Department]: Pretty good.

"Martinez: Listen, I was at a club in Port Chester, New York and there was a little bit of a misunderstanding with my friend and his girlfriend. All

When officers arrived at the defendant's residence, the defendant and Green perpetuated Martinez' lie, stating that Martinez had been the operator of the motor vehicle. Martinez spun a tale of the evening's events, explaining that he had sped away when the victim attacked him in the driver's seat on East Main Street, that he stopped the vehicle to remove the victim therefrom and that he then drove away because he was scared. Martinez, Green and the defendant later were taken to police headquarters to provide formal statements. While there, the defendant recognized Kathleen Haley, a sergeant with the Stamford police department, whom he knew as a resource officer at his school. He informed her that he had been in a motor vehicle accident and asked if she knew "if the kid that was

---

right, the guys—there was like five or six guys following us, they followed us all the way to exit nine. At the exit nine McDonald's they got out, they started punching me in the face and whatnot.

"[Stamford Police Department]: All right, what is your name?

"Martinez: My name is Manuel Martinez. As we were driving off whatnot, the guy grabbed on to the car, so like I was going a little bit and he grabbed on and he started choking me.

"[Stamford Police Department]: Okay. . . .

"[Stamford Police Department]: And where are you now?

"Martinez: Hello?

"[Stamford Police Department]: Where are you now sir?

"Martinez: I'm over here at 44 Strawberry Hill.

"[Stamford Police Department]: 44 Strawberry, are you going to wait there?

"Martinez: Yes sir, I'm here parked in the parking lot.

"[Stamford Police Department]: What kind of car do you got, Manuel?

"Martinez: It is a black RSX type S.

"[Stamford Police Department]: That's a Mazda?

"Martinez: No it's an Acura RSX.

"[Stamford Police Department]: Acura?

"Martinez: Yes sir.

"[Stamford Police Department]: Okay, you're in the parking lot there?

"Martinez: We're in the back of the parking lot.

"[Stamford Police Department]: Yeah, behind the building there's like upstairs and downstairs.

"Martinez: Yeah, we parked back here because there's like six guys after us.

"[Stamford Police Department]: Yeah, okay you stay right there.

"Martinez: All right. Bye."

injured was okay . . . ." The defendant then provided a sworn statement in which he attested that Martinez had been driving the Acura that evening and that he was in the backseat at the time of the accident.

Martinez and Green subsequently admitted that they had lied to the police and confirmed that the defendant had been driving the Acura at the time of the accident. On August 29, 2006, the defendant provided a second sworn statement to the police in which he admitted that he was the operator of the Acura at that time. He further admitted that when he applied the brakes in an effort to "get [the victim] off" of his moving vehicle, the victim "just lurched forward but did not fall off the car. I then hit the gas and he came off the car." The defendant also admitted that he did not stop his vehicle at that time and that he did not thereafter call the police to report the accident.

The defendant's criminal trial followed, at the conclusion of which the jury found him guilty of negligent homicide with a motor vehicle, evasion of responsibility in the operation of a motor vehicle and making a false statement in the second degree.[2] The defendant subsequently filed motions for a judgment of acquittal and for a new trial, which were denied. The court rendered judgment in accordance with the jury's verdict and sentenced the defendant to a total effective term of seven years incarceration, execution suspended after eighteen months, with five years of probation. From that judgment, the defendant appeals.

I

The defendant first claims that the evidence adduced at trial was insufficient to sustain his conviction of

[2] The state's long form information charged the defendant with manslaughter in the second degree in violation of General Statutes § 53a-56 (a) (1). The jury found the defendant not guilty on that count but found him guilty of negligent homicide with a motor vehicle in violation of General Statutes (Rev. to 2005) § 14-222a, a lesser included offense.

evasion of responsibility in the operation of a motor vehicle. We disagree.

It is bedrock law that "the [d]ue [p]rocess [c]lause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). The standard of review for a sufficiency of the evidence claim employs a two part test. "First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . This court cannot substitute its own judgment for that of the jury if there is sufficient evidence to support the jury's verdict." (Internal quotation marks omitted.) *State* v. *Niemeyer*, 258 Conn. 510, 517, 782 A.2d 658 (2001).

It is axiomatic that "the jury must find every element proven beyond a reasonable doubt in order to find the defendant guilty of the charged offense, [but] each of the basic and inferred facts underlying those conclusions need not be proved beyond a reasonable doubt. . . . If it is reasonable and logical for the jury to conclude that a basic fact or an inferred fact is true, the jury is permitted to consider the fact proven and may consider it in combination with other proven facts in determining whether the cumulative effect of all the evidence proves the defendant guilty of all the elements of the crime charged beyond a reasonable doubt. . . . Moreover, it does not diminish the probative force of the evidence that it consists, in whole or in part, of evidence that is circumstantial rather than direct. . . . It is not one fact, but the cumulative impact of a multitude of facts which establishes guilt in a case involving

substantial circumstantial evidence. . . . In evaluating evidence, the [jury] is not required to accept as dispositive those inferences that are consistent with the defendant's innocence. . . . The [jury] may draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical. . . . Finally, [a]s we have often noted, proof beyond a reasonable doubt does not mean proof beyond all possible doubt . . . nor does proof beyond a reasonable doubt require acceptance of every hypothesis of innocence posed by the defendant that, had it been found credible by the [jury], would have resulted in an acquittal. . . . On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the [jury's] verdict of guilty." (Internal quotation marks omitted.) *State* v. *Calabrese*, 279 Conn. 393, 402–403, 902 A.2d 1044 (2006). With that standard in mind, we turn to the defendant's claim.

Section 14-224 (a) provides: "Each person operating a motor vehicle who is knowingly involved in an accident which causes serious physical injury, as defined in section 53a-3, to or results in the death of any other person shall at once stop and render such assistance as may have been needed and shall give his name, address and operator's license number and registration number to the person injured or to any officer or witness to the death or serious physical injury of any person, and if such operator of the motor vehicle causing the death or serious physical injury of any person is unable to give his name, address and operator's license number and registration number to the person injured or to any witness or officer, for any reason or cause, such operator shall immediately report such death or serious physical injury of any person to a police officer, a constable, a state police officer or an inspector of motor

vehicles or at the nearest police precinct or station, and shall state in such report the location and circumstances of the accident causing the death or serious physical injury of any person and his name, address, operator's license number and registration number."

In *State* v. *Rosario*, 81 Conn. App. 621, 841 A.2d 254, cert. denied, 268 Conn. 923, 848 A.2d 473 (2004), this court articulated the essential elements of that statute. We stated: "To establish a violation of § 14-224 (a), the state first had to prove that (1) the defendant was operating a motor vehicle, (2) the defendant was knowingly involved in an accident and (3) that accident caused the death or serious physical injury of any other person. Once those predicate elements were established, the state could prove a violation of § 14-224 (a) if it proved that the defendant failed to fulfill *any one* or more of the following duties required of him by the statute: (4) that the defendant failed to stop at once and render such assistance as may be needed; or (5) unless there was evidence that the defendant was unable, for any reason or cause, to provide the statutorily required information at the scene, that the defendant failed to give his name, address, operator's license number and registration number to the person injured, any officer or a witness to the accident; or (6) if there was evidence that the defendant was unable, for any reason or cause, to provide the statutorily required information at the scene, that the defendant failed to report immediately the death or serious physical injury to a police officer, a constable, a state police officer or an inspector of motor vehicles, or at the nearest police precinct or station, and to give the same information as to his name, address, operator's license number and registration number to the police officer, constable, state police officer or inspector of motor vehicles together with additional information that would not have been required had the report been made at the

scene of the accident, namely, the location and circumstances of the accident." (Emphasis added.) Id., 634.

The defendant does not dispute that the state presented sufficient evidence regarding the predicate elements of § 14-224 (a). Instead, he claims that he was "legally justified" in fleeing the scene of the accident and that he subsequently complied with the requirements of that statute.

In *Rosario*, the court emphasized that "[a]lthough the reporting requirements [contained in § 14-224 (a)] are phrased in the alternative, the statute's directive to stop at once does not provide a similar alternative. Section 14-224 does not leave an operator an excuse for failing to stop for any reason . . . ." *State* v. *Rosario*, supra, 81 Conn. App. 629. Accordingly, when a jury finds the predicate elements of the statute to be met, it "[has] to find only that the defendant did not stop to convict him of evasion of responsibility in the operation of a motor vehicle." Id., 635; see also *State* v. *Lawson*, 99 Conn. App. 233, 246, 913 A.2d 494, cert. denied, 282 Conn. 901, 918 A.2d 888 (2007). Because it is undisputed that the defendant did not stop his vehicle and render assistance to the victim, the jury on that basis reasonably could have concluded that he violated § 14-224 (a).

Assuming arguendo, as the defendant maintains, that the jury reasonably concluded that he was unable to stop his vehicle due to a "danger of bodily harm if he remained at the scene of the accident," the evidence nonetheless was sufficient for it to find the defendant guilty of evasion of responsibility in the operation of a motor vehicle. First, it is undisputed that the defendant never reported the accident to law enforcement as required by § 14-224 (a); that call was made by Martinez. Although the defendant on appeal suggests that an operator of a motor vehicle in such instances can delegate his duty to report, the statute does not so provide. In

addition, this court has neither been presented with nor found any authority so indicating. Second, the evidence before the jury indicates that Martinez in that call failed to inform the police of the circumstances of the accident and the fact that the victim had been injured, as required by the statute. Third, in Martinez' telephone call to the police, he did not identify the defendant as the operator of the vehicle. Similarly, in neither the defendant's statement to the police at his residence nor his signed statement at the police station did the defendant acknowledge that he was the operator of the Acura. Rather, he lied each time.

Section 14-224 (a) is titled "[e]vasion of responsibility in operation of motor vehicles . . . ." Its plain language imposes certain obligations on a "person operating a motor vehicle," including reporting requirements concerning one's name, address and operator's license number. See *State* v. *Rosario,* supra, 81 Conn. App. 628. We fail to see how a person such as the defendant can comply with those obligations when he has failed to identify himself as the operator of the motor vehicle in question. Such an unreasonable and bizarre result could not have been intended by our legislature in enacting § 14-224 (a). As our Supreme Court has observed, "[t]he purpose of the statute on evading responsibility is to ensure that when the driver of a motor vehicle is involved in an accident, he or she will promptly stop, render any necessary assistance *and identify himself or herself.*" (Emphasis added.) *State* v. *Johnson,* 227 Conn. 534, 544, 630 A.2d 1059 (1993). That purpose would be thwarted were we to adopt the defendant's strained reading of § 14-224 (a).

In the present case, it is undisputed that the defendant, while operating a motor vehicle, knowingly was involved in an accident that caused serious physical injury, and ultimately death, to another person. The record before us contains ample evidence that the

defendant did not (1) stop at once and render such assistance as may have been needed, (2) immediately report the circumstances of the accident and the fact that the victim had been injured to law enforcement, and (3) identify himself as the operator of the vehicle. Accordingly, the jury reasonably concluded that the defendant violated § 14-224 (a).

## II

The defendant next contends that the court improperly instructed the jury on the elements of § 14-224 (a) in violation of his right to due process under the federal and state constitutions.[3] The defendant did not preserve this claim at trial and now seeks to prevail pursuant to *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) Id., 239–40. We review the defendant's claim because the record is adequate for review and the claim is of constitutional magnitude. See *State* v. *Peeler*, 271 Conn. 338, 369 n.29, 857 A.2d 808 (2004), cert. denied, 546 U.S. 845,126 S. Ct. 94,163 L. Ed. 2d 110 (2005). On its merits, the claim fails to satisfy *Golding*'s third prong.[4]

---

[3] Because the defendant provides no independent state constitutional analysis, we confine our review to his claim under the federal constitution. See *State* v. *Wright*, 246 Conn. 132, 138, 716 A.2d 870 (1998).

[4] Although the state, relying on *State* v. *Hankerson*, 118 Conn. App. 380, 389, 983 A.2d 898 (2009), submits that the defendant waived his objection to the court's supplemental instruction, we do not consider that issue in light of our conclusion that the claim fails on its merits.

In reviewing claims of instructional impropriety, we are mindful that "[t]he principal function of a jury charge is to assist the jury in applying the law correctly to the facts which [the jury] might find to be established . . . . When reviewing [a] challenged jury instruction . . . we must adhere to the well settled rule that a charge to the jury is to be considered in its entirety . . . and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is . . . whether it fairly presents the case to the jury in such a way that injustice is not done to either party . . . . In this inquiry we focus on the substance of the charge rather than the form of what was said not only in light of the entire charge, but also within the context of the entire trial. . . . Moreover, as to unpreserved claims of constitutional error in jury instructions . . . under the third prong of *Golding*, [a] defendant may prevail . . . only if . . . it is reasonably possible that the jury was misled . . . ." (Internal quotation marks omitted.) *State* v. *Lawrence*, 282 Conn. 141, 179, 920 A.2d 236 (2007).

In instructing the jury on § 14-224 (a), the court stated: "[T]he defendant is charged in count two, with evading responsibility in the operation of a motor vehicle. The statute defining this offense reads in pertinent part as follows. Each person operating a motor vehicle who is knowingly involved in an accident which results in the death of any other person shall, at once, stop and render such assistance as may be needed and shall give his name, address and operator's license number and registration number to any officer or witness to the accident.

"So, for you to find the defendant guilty of this charge, the state must prove the following elements beyond a reasonable doubt. The first element is that the defendant operated a motor vehicle. A motor vehicle means all vehicles used on public highways and includes an

automobile. So, a person operates a motor vehicle—I've instructed you on this before but I'll give you the short form again. A person operates a motor vehicle within the meaning of the statute when, while in the vehicle, such person intentionally does any act or makes use of any mechanical or electrical agency that alone, or in sequence, will set in motion the motive power of the vehicle. And a person acts intentionally with respect to conduct that is operation; when his conscious objective is to engage in such conduct.

"Now, the second element that the state has to prove after operation of a motor vehicle. The second element is [whether] the defendant was knowingly involved in an accident. It is only necessary that the state prove that there had been an accident and the defendant knew of this accident. It is not necessary that the state prove that the defendant had knowledge of any resulting injury to a person. A person acts knowingly with respect to conduct or to a circumstance described by a statute, defining an offense, when he is aware that his conduct is of such nature or that such circumstances exist. An act is done knowingly if done voluntarily and purposely and not because of mistake, inadvertence or accident. Now, ordinarily, knowledge can be established only through an inference from other proven facts or circumstances. If you recall, I instructed you on circumstantial and direct evidence drawn on inferences. The inference may be drawn if the circumstances are such that a reasonable person of honest intention in the situation of the defendant would have concluded that he had been involved in an accident. The determinative question is whether the circumstances in the particular case form a basis for a sound inference as to the knowledge of the defendant in the events under inquiry.

"The third element is that the accident caused death to a person. This means that the death was a result of the accident. What I had said before about proximate

cause applies here. And again, the state must prove that the accident caused death to a person, not that the defendant knew that he had caused someone's death.

"The fourth element is that the defendant did not stop at once and render assistance as needed, and did not give his name, address, operator's license number and registration number to [a witness to] the accident or to an officer. If for any reason or cause, the defendant was unable to provide the required information at the scene of the accident, the law requires him to immediately report the accident to a law enforcement officer or at the nearest police station. But this does not relieve a person of the duty to stop at once and render assistance.

"In summary, the state must prove beyond a reasonable doubt that, one, the defendant operated a motor vehicle; two, he knew that he had been involved in an accident; three, the accident caused death to a person; and four, the defendant did not stop at once and render assistance as needed, and did not give his name, address, operator's license number and registration number to a witness to the accident or an officer. So, if you unanimously find that the state has proven beyond a reasonable doubt each of the elements of evading responsibility, then you should find the defendant guilty. On the other hand, if you unanimously find the state has failed to prove, beyond a reasonable doubt, any of the elements, you shall then find the defendant not guilty."

During its deliberations, the jury sent the court a note regarding the aforementioned charge, inquiring, "how can a person be justified in leaving yet be required to stop and render assistance?" The court thereafter provided the jury a supplemental instruction in which it stated: "The defendant is charged in count two with

evading responsibility in the operation of a motor vehicle. The statute defining this offense reads in pertinent part as follows. Each person operating a motor vehicle, who is knowingly involved in an accident which results in the death of any other person, shall at once stop and render such assistance as may be needed, and shall give his name, address and operator's license number and registration number to any officer or witness to the accident. The fourth element is that the defendant did not stop at once and render assistance as needed, and did not give his name, address, operator's license number and registration number to a witness to the accident or [to] an officer. If for any reason or cause, the defendant was unable to provide the required information at the scene of the accident, the law requires him to immediately report the accident to a law enforcement officer or at the nearest police station. This does not relieve a person of the duty to stop at once and render assistance. Yet, I would go on to say this. If you find, based on the totality of the evidence, that the defendant had an honest and reasonable belief that he was in danger of bodily harm if he remained at the scene, then, that may justify his failing to stop at once and render assistance as needed. This would still require the defendant to immediately and truly report the accident to a law enforcement officer or at the nearest police station. . . .

"The state claims that the defendant did not fulfill this requirement because it was a friend who claimed he was the operator. The defendant did not identify himself and truly give the information required by law. The defendant claims that he did not identify himself as such because his license was under suspension. You will decide from the evidence whether the defendant complied with his obligations in accordance with these instructions."

On appeal, the defendant challenges the propriety of a single sentence in the supplemental instruction. He argues that the court improperly instructed the jury that if it found that he was justified in not immediately stopping his vehicle and rendering assistance, it could still find him guilty under § 14-224 (a) if he did not "truly give the information required by law." A review of the instruction plainly indicates that the court did not so instruct the jury on the applicable law but, rather, made that statement at the conclusion of its supplemental instruction in the context of providing a summary of the respective positions of the state and the defendant. The defendant further assails the court's instruction as imprecise, arguing that it failed to "specifically identify the information" that § 14-224 (a) required him to provide. That claim is without merit, as the court, in both its original instruction and its supplemental instruction, properly advised the jury that the statute required the defendant to provide his name, address, operator's license number and registration number.

We conclude that the court's instructions, viewed in their entirety, adequately informed the jury of the elements of the evading responsibility in the operation of a motor vehicle offense. In particular, we note that the court, consistent with the decision of this court in *State* v. *Rosario,* supra, 81 Conn. App. 634, apprised the jury that if it found that the defendant "was unable to provide the required information at the scene of the accident, the law requires him to immediately report the accident to a law enforcement officer or at the nearest police station. This does not relieve a person of the duty to stop at once and render assistance. Yet, I would go on to say this. If you find, based on the totality of the evidence, that the defendant had an honest and reasonable belief that he was in danger of bodily harm if he remained at the scene, then, that may justify his failing to stop at once and render assistance as needed.

This would still require the defendant to immediately and truly report the accident to a law enforcement officer or at the nearest police station." Upon our review of the court's instructions as a whole, we conclude that it was not reasonably possible that the jury was misled. Accordingly, the defendant's claim fails to satisfy *Golding*'s third prong.

The judgment is affirmed.

In this opinion the other judges concurred.