NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-2256-13T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JEAN A. SENE,

     Defendant-Appellant.

_____

> **APPROVED FOR PUBLICATION**
>
> **November 25, 2015**
>
> **APPELLATE DIVISION**

Argued October 7, 2015 – Decided November 25, 2015

Before Judges Fuentes, Koblitz, and Gilson.

On appeal from Superior Court of New Jersey,
Law Division, Atlantic County, Indictment
No. 12-08-1914.

Laura B. Lasota, Assistant Deputy Public
Defender, argued the cause for appellant
(Joseph E. Krakora, Public Defender,
attorney; Ms. Lasota, of counsel and on the
brief).

Emily R. Anderson, Deputy Attorney General,
argued the cause for respondent (John J.
Hoffman, Acting Attorney General, attorney;
Ms. Anderson, of counsel and on the brief).

The opinion of the court was delivered by

GILSON, J.S.C. (temporarily assigned).

Defendant Jean A. Sene was driving a taxi when a pedestrian

stepped into his lane of traffic.  The pedestrian fell into the

adjoining lane of traffic and was killed when she was run over by another vehicle. Defendant did not stop his taxi at the scene and left without speaking to anyone. A jury convicted defendant of leaving the scene of a fatal motor vehicle accident under N.J.S.A. 2C:11-5.1. The question of first impression presented in this appeal is whether contact between a defendant's vehicle and a victim is a necessary element of the second-degree crime of leaving the scene of an accident under N.J.S.A. 2C:11-5.1.

Defendant contends that contact between his vehicle and the victim is a necessary element of this crime. We disagree and hold that such contact is not a necessary element of this crime. We, therefore, affirm defendant's conviction. Defendant also challenges his sentence to five years in prison and the imposition of $5000 in restitution without a hearing. Because the sentencing judge did not correctly identify the aggravating and mitigating factors, we remand for resentencing consistent with the Supreme Court's holding in State v. Fuentes, 217 N.J. 57 (2014). We also vacate the restitution award and remand for a hearing in accordance with N.J.S.A. 2C:44-2(b), (c).

I.

Defendant's conviction arose out of the death of a pedestrian who was struck and killed by a jitney bus while

crossing Pacific Avenue, a four-lane street, in Atlantic City. Defendant was driving a taxi in the lane to the left of the jitney, traveling in the same direction, slightly ahead of the jitney bus. The victim was crossing Pacific Avenue as both defendant's taxi and the jitney bus were approaching. She was either struck by the taxi and fell backwards, or stepped back without being struck and fell, and was run over by the jitney.

After the jitney bus ran over the victim, the jitney driver immediately stopped and called the police. The jitney driver then waited at the scene and gave a statement to the police. Although he saw the victim was hit, defendant did not stay at the accident scene, nor did he call the police. Instead, defendant testified that he drove to the next street, made a right-hand turn and parked his cab. Defendant then walked back to the accident scene. At the scene, he noted police officers and other people, but he did not speak to anyone and after a few minutes he left.

The jitney had a dashboard camera that video recorded the accident. The police also obtained several other videos of the accident scene from surrounding businesses. By reviewing the videos, the police were able to identify defendant's taxi.

At trial, the State called a number of witnesses, including a police accident investigator, who testified as an expert in

accident reconstruction that defendant's taxi hit the victim causing her to fall back. The State's expert also opined that the jitney did not have time to avoid the accident. Defendant's accident reconstruction expert opined that no evidence established that the taxi made contact with the victim, while acknowledging that he could not definitively state whether or not defendant's taxi hit the victim.

On appeal, defendant contends:

POINT I

THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S REQUEST TO TAILOR THE OFFENSE CHARGE FOR N.J.S.A. 2C:11-5.1, "THE HIT AND RUN STATUTE," TO THE FACTS OF THE CASE AND DEFINE THE PHRASE "INVOLVED IN AN ACCIDENT" AS REQUIRING CONTACT BETWEEN DEFENDANT'S VEHICLE AND THE VICTIM. THE ERROR WAS EXACERBATED WHEN THE TRIAL COURT INSTRUCTED THE JURY TO COMPLETELY DISREGARD EVIDENCE OF CONTACT.

POINT II

BY FAILING TO PROVIDE A DEFINITION FOR THE PHRASE "INVOLVED IN AN ACCIDENT", N.J.S.A. 2C:11-5.1 IS UNCONSTITUTIONALLY VAGUE BECAUSE IT FAILS TO PROVIDE ADEQUATE NOTICE OF PROHIBITED CONDUCT AND LIKEWISE FAILS TO PROVIDE THE STATE WITH GUIDELINES FOR ENFORCEMENT, LEADING TO ARBITRARY RESULTS. (Not Raised Below)

POINT III

THE TRIAL COURT IMPROPERLY ASSESSED THE AGGRAVATING AND MITIGATING FACTORS AT

SENTENCING, AND THUS IMPROPERLY RULED OUT THE POSSIBILITY OF A DOWNGRADED SENTENCE UNDER <u>N.J.S.A.</u> 2C:44-1f(2).

<u>POINT IV</u>

THE RESTITUTION ORDER SHOULD BE VACATED BECAUSE DEFENDANT'S ACTIONS WERE NOT THE CAUSE OF THE ACTUAL LOSS TO THE VICTIM AND HER FAMILY. ALTERNATIVELY, THE RESTITUTION ORDER SHOULD BE VACATED AND THE MATTER REMANDED FOR A HEARING REGARDING DEFENDANT'S ABILITY TO PAY. (Not Raised Below)

II.

Defendant argues in Point I that, in the context of these facts, the phrase "involved in an accident" in <u>N.J.S.A.</u> 2C:11-5.1 required that the vehicle driven by defendant make contact with the victim. Thus, defendant contends that the trial judge erred in not providing such an instruction to the jury and compounded that error by instructing the jury that contact was not an element of the crime. We reject these arguments.

We consider the jury charges as a whole, applying "deep-seated and meticulous" care, <u>State v. Lykes</u>, 192 <u>N.J.</u> 519, 537 (2007), because proper jury charges "are essential for a fair trial," <u>State v. Maloney</u>, 216 <u>N.J.</u> 91, 104 (2013) (quoting <u>State v. Green</u>, 86 <u>N.J.</u> 281, 287 (1981)). Here, the trial judge gave the model jury charge for <u>N.J.S.A.</u> 2C:11-5.1, <u>Model Jury Charge (Criminal)</u>, "Leaving the Scene of an Accident Resulting in

Death" (January 1998), and also instructed the jury that contact was not a necessary element.

"The primary goal of statutory interpretation is to determine as best [as possible] the intent of the Legislature, and to give effect to that intent." In re Registrant N.B., 222 N.J. 87, 98 (2015) (alteration in original) (quoting State v. Lenihan, 219 N.J. 251, 262 (2014)). "[T]he best indicator of that intent is the plain language chosen by the Legislature." Ibid. (alteration in original) (quoting State v. Gandhi, 201 N.J. 161, 176 (2010)). Unless inconsistent with that intent, the statute's words will "be given their generally accepted meaning, according to the approved usage of the language." N.J.S.A. 1:1-1.

Defendant was convicted of violating N.J.S.A. 2C:11-5.1, which states, in relevant part:

> A motor vehicle operator who knows he [or she] is involved in an accident and knowingly leaves the scene of that accident under circumstances that violate the provisions of [N.J.S.A. 39:4-129] shall be guilty of a crime of the second degree if the accident results in the death of another person.

Nothing in the plain meaning of the phrase "involved in an accident" requires the element of contact between the vehicle driven by defendant and the victim. The word "involved" is defined as "having a part in something." Involved, Merriam-

Webster.com, http://www.merriam-webster.com/dictionary/involved (last visited Nov. 20, 2015). The word "accident" is defined to include "a sudden event (such as a crash) that is not planned or intended and that causes damage or injury." Accident, Merriam-Webster.com, http://www.merriam-webster.com/dictionary/accident (last visited Nov. 20, 2015).

Coupling those words in the phrase "involved in an accident" does not suggest that defendant's vehicle needed to come into contact with the victim. Instead, the plain reading of those words means that a driver whose actions contribute to an accident, and who knows of the causal relationship, must not leave the scene of the accident.

A few examples illustrate that the Legislature intended to include situations where a defendant's vehicle does not make contact with the victim. If car A struck car B and caused car B to strike and kill a pedestrian, the driver of car A would have been involved in an accident, even though car A never came into contact with the pedestrian. Similarly, if a car struck a telephone pole and the pole fell over and killed a pedestrian, the driver of the car would have been involved in an accident, even though the car never made direct contact with the victim.

In enacting N.J.S.A. 2C:11-5.1, the Legislature criminalized knowingly leaving the scene of a motor vehicle

accident. See N.J.S.A. 2C:11-5.1 (referencing N.J.S.A. 39:4-129). The motor vehicle offense of leaving the scene of an accident, in turn, distinguishes between colliding with another vehicle or property, and being involved in an accident with another vehicle or property. N.J.S.A. 39:4-129(d). Thus, N.J.S.A. 39:4-129(d) states:

> The driver of any vehicle which knowingly collides with or is knowingly involved in an accident with any vehicle or other property which is unattended resulting in any damage to such vehicle or other property shall immediately stop and shall then and there locate and notify the operator or owner . . . .

Accordingly, the Legislature knew the distinction between colliding (that is, contact) as contrasted to "involved in an accident." In short, the plain reading of N.J.S.A. 2C:11-5.1 establishes that the Legislature was aware of the distinction between contact and being involved in an accident, and used the broader phrase "involved in an accident" in criminalizing leaving the scene of an accident that results in a fatality.

Consequently, the trial judge did not err in denying defendant's proposed jury instruction requiring the jury to find that contact occurred as a necessary element under N.J.S.A. 2C:11-5.1. Moreover, it was not an error for the trial judge to instruct the jury that contact is not an element of violating N.J.S.A. 2C:11-5.1. We find no error with the instructions.

## III.

Defendant argues in Point II that if contact is not required as an element of the statute, then N.J.S.A. 2C:11-5.1 is unconstitutionally vague as applied in this case. We also reject this argument.

We review questions of law, including the interpretation of statutes and whether a statute is unconstitutionally vague, under a de novo standard of review. Lenihan, supra, 219 N.J. at 263, 267. A "statute is not impermissibly vague so long as a person of ordinary intelligence may reasonably determine what conduct is prohibited so that he or she may act in conformity with the law." State v. Borjas, 436 N.J. Super. 375, 395-96 (App. Div.) (quoting State v. Saunders, 302 N.J. Super. 509, 520-21 (App. Div.), certif. denied, 151 N.J. 470 (1997)), certif. denied, 220 N.J. 208 (2014). The requirement that all criminal statutes be clear and unambiguous "is essentially a procedural due process concept grounded in notions of fair play." State v. Saavedra, 222 N.J. 39, 68 (2015) (quoting State v. Lee, 96 N.J. 156, 165 (1984)). A statute is vague "as applied" only "if the law does not, with sufficient clarity, prohibit the conduct against which it is sought to be enforced." Heyert v. Taddese, 431 N.J. Super. 388, 423 (App. Div. 2013)

(citing State v. Afanador, 134 N.J. 162, 175 (1993) and State v. Cameron, 100 N.J. 586, 594 (1985)).

No New Jersey case has addressed the question of whether N.J.S.A. 2C:11-5.1 is unconstitutionally vague as applied. Other jurisdictions have ruled that statutes with similar language are constitutional and are not void for vagueness. See, e.g., People v. Bammes, 71 Cal. Rptr. 415, 422 (Ct. App. 1968) (holding that "involved in" was not vague when the defendant turned into victims' path, who then swerved and were struck by another vehicle); State v. Carpenter, 334 N.W.2d 137, 140 (Iowa 1983) (holding that "[t]he meaning of the terms 'accident' and 'involved' is sufficiently certain" and not vague when applied to a scenario where a victim was injured jumping out of the defendant's moving truck); State v. Watters, 208 P.3d 408, 412-15 (Mont. 2009) (holding that the phrase "involved in an accident" is neither vague on its face, nor as applied to the defendant who crashed his motorcycle and left his injured passenger at the scene); Clancy v. State, 313 P.3d 226, 231 (Nev. 2013) (holding that "involved" and "accident" gave fair notice of prohibited conduct when contact between the defendant's minivan and victims' motorcycle was in dispute); Sheldon v. State, 100 S.W.3d 497, 500-01 (Tex. App. 2003)

(holding that the statute "gives a person of ordinary intelligence reasonable notice" and is not vague on its face).

For example, a California appellate court has found a similarly worded statute to be constitutional and not void for vagueness. Bammes, supra, 71 Cal. Rptr. at 422. In that case, the court said the California statute required "[t]he driver of any vehicle involved in an accident resulting in . . . death . . . [to] immediately stop the vehicle." Id. at 418 (quoting Cal. Veh. Code § 20001). The California appellate court rejected a challenge on vagueness grounds, reasoning that:

> "[I]nvolved in an accident" means connected with that accident in a natural or logical manner [that] is wholly reasonable and delineates anything but an unconstitutionally vague standard. It is inconceivable that a driver as a reasonable [person], whose actions contributed to an immediately subsequent accident and who knew of that causal relationship, would conclude otherwise than that he [or she] was involved in that accident.
>
> [Id. at 422.]

We agree with the reasoning of the California appellate court. Here, defendant by his own admission saw the pedestrian, he abruptly stopped his taxi, the victim fell backwards and was then run over by the jitney bus. Under those facts, a reasonable person would know that he had been involved in an accident.

We also reject defendant's argument that the trial judge erred in not defining the phrase "involved in an accident" for the jury. Again, the language of that phrase is sufficiently clear without further explanation that a jury could understand the plain meaning of the language. We note, however, that the language used by the California appellate court in <u>Bammes</u> could also be used to explain the phrase "involved in an accident" in <u>N.J.S.A.</u> 2C:11-5.1. Such language could be modified and then added to the model jury charge and that language might help jurors. We reiterate, however, that even on its own, the phrase "involved in an accident" has a clear meaning that ordinary jurors can understand.

## IV.

Defendant argues in Point III that the trial judge erred in assessing the aggravating and mitigating factors and, thus, the trial judge should have sentenced defendant lower in the range of a third-degree crime. Defendant was convicted of a second-degree crime which carries a presumption of incarceration. <u>N.J.S.A.</u> 2C:44-1(d). There is some confusion in the record concerning which aggravating and mitigating factors the trial judge found. <u>See generally</u> <u>N.J.S.A.</u> 2C:44-1(a), (b) (defining the various aggravating and mitigating factors).

The trial judge stated that he found mitigating factors two, nine, and ten. N.J.S.A. 2C:44-1(b)(2), (9), (10). Although he did not expressly find mitigating factor seven, N.J.S.A. 2C:44-1(b)(7), the judge noted that defendant did not have a criminal history. The judge also inconsistently found aggravating factors six, "[t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which he has been convicted," and nine, deterrence. N.J.S.A. 2C:44-1(a)(6), (9). Finally, despite the presumption of imprisonment applicable to a second-degree offense, N.J.S.A. 2C:44-1(d), the judge also found mitigating factor ten, N.J.S.A. 2C:44-1(b)(10), concluding defendant would be "particularly likely to respond to probationary treatment," although defendant did not receive a probationary sentence. Thus, mitigating factor ten is not applicable. Consideration of a probationary term in a context of sentencing a defendant for a first- or second-degree offense that carries a presumption of imprisonment under N.J.S.A. 2C:44-1(d) is only appropriate when the record supports a finding of a "serious injustice." State v. Evers, 175 N.J. 355, 388 (2003).

In weighing the aggravating and mitigating factors, the court found that the aggravating factors outweighed the mitigating factors and, thus, the judge did not find any legal grounds to sentence defendant within the third-degree range.

13                                                          A-2256-13T1

<u>N.J.S.A.</u> 2C:44-1(f)(2). Instead, the judge sentenced defendant to five years in prison, which is the lowest legally permissible term of imprisonment for a second-degree crime, as well as the highest end of the third-degree range. See <u>N.J.S.A.</u> 2C:43-6(a)(2), (3).

We remand for resentencing to give the sentencing judge an opportunity to clarify the sentencing factors found and re-weigh those factors. <u>See generally</u> <u>Fuentes</u>, <u>supra</u>, 217 <u>N.J.</u> at 71-74. We are not suggesting that this process will necessarily result in sentencing defendant to a lesser sentence within the third-degree range. As the trial judge correctly noted, to sentence a defendant to a lower range, the court must find "that the mitigating factors substantially outweigh the aggravating factors" and that the interest of justice would support such a sentence. <u>N.J.S.A.</u> 2C:44-1(f)(2); <u>see also</u> <u>State v. Megargel</u>, 143 <u>N.J.</u> 484, 497-500 (1996) (explaining that the standard for downgrading a sentence is a high standard and there must be "some compelling reason" supporting such a downgrade).

V.

In his final Point, defendant seeks a restitution hearing. The trial judge ordered defendant to pay restitution without such a hearing, and the State concedes that a remand is required

so that a restitution hearing can take place.  See N.J.S.A. 2C:44-2(b), (c).

The conviction is affirmed, we vacate the sentence, and remand for resentencing and a restitution hearing.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2256-13T1