**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3068-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HOWARD W. RAMBO,

    Defendant-Appellant.

_____

Submitted May 17, 2021 – Decided May 28, 2021

Before Judges Fasciale and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Accusation No. 18-01-0013.

Joseph E. Krakora, Public Defender, attorney for appellant (Anderson D. Harkov, Designated Counsel, on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Linda A. Shashoua, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a January 10, 2020 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant argues that his sentencing counsel provided ineffective assistance by failing to argue for mitigating factors at sentencing. Judge Edward J. McBride, Jr., entered the order under review and issued an oral opinion.

On appeal, defendant raises the following arguments for this court's consideration[1]:

> POINT I
>
> THE PCR [JUDGE] ERRED WHEN [HE] FAILED TO GRANT DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING BECAUSE THE SENTENCING TRANSCRIPTS ESTABLISHED A PRIMA FACIE CASE THAT PLEA COUNSEL FAILED TO INVESTIGATE AND ARGUE MITIGATING FACTORS AND, IN FACT, FAILED TO SERVE AS DEFENDANT'S ADVOCATE IN ANY FORM DURING THE SENTENC[ING] HEARING.

---

[1] We reject the State's contention that defendant's petition is procedurally barred because he did not raise an excessive sentence claim on direct appeal. As part of defendant's plea agreement, he waived his right to appeal. Further, defendant's contention that his sentencing counsel rendered ineffective assistance of counsel is more appropriately addressed on petition for PCR. See State v. Hess, 207 N.J. 123, 145 (2011) (noting that our courts "routinely decline to entertain ineffective-assistance-of-counsel claims on direct appeal because those claims 'involve allegations and evidence that lie outside the trial record'" (quoting State v. Preciose, 129 N.J. 451, 460 (1992))).

A-3068-19

POINT II

SENTENCING COUNSEL'S FAILURE TO INVESTIGATE AND ARGUE IN FAVOR OF MITIGATING FACTORS RESULTED IN DEFENDANT NOT HAVING THE ASSISTANCE OF COMPETENT COUNSEL AT HIS SENTENC[ING] HEARING AND THEREFORE THE PCR [JUDGE] ERRED WHEN [HE] FAILED TO GRANT DEFENDANT A NEW SENTENC[ING] HEARING.

We affirm substantially for the reasons expressed by Judge McBride in his oral opinion. We add the following remarks.

When a PCR judge does not hold an evidentiary hearing—like here—this court's standard of review is de novo as to both the factual inferences drawn by the PCR judge from the record and the judge's legal conclusions. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

To establish a prima facie claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test enumerated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). To meet the first Strickland/Fritz prong, a defendant must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. A defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional

3

assistance." Id. at 689. Thus, this court must consider whether counsel's performance fell below an objective standard of reasonableness. Id. at 688.

To satisfy the second Strickland/Fritz prong, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. A defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "[I]f counsel's performance has been so deficient as to create a reasonable probability that these deficiencies materially contributed to defendant's conviction, the constitutional right will have been violated." Fritz, 105 N.J. at 58. Both the United States Supreme Court and the New Jersey Supreme Court have extended the Strickland/Fritz test to challenges of guilty pleas based on ineffective assistance of counsel. Lafler v. Cooper, 566 U.S. 156, 162-63 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); State v. DiFrisco, 137 N.J. 434, 456-57 (1994). A defendant must demonstrate with "reasonable probability" that the result would have been different had he received proper advice from his attorney. Lafler, 566 U.S. at 163 (quoting Strickland, 466 U.S. at 694).

4

A defendant is only entitled to an evidentiary hearing when he "'has presented a prima facie [claim] in support of [PCR],'" meaning that a defendant must demonstrate "a reasonable likelihood that his . . . claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (quoting Preciose, 129 N.J. at 463). A defendant must "do more than make bald assertions that he was denied the effective assistance of counsel" to establish a prima facie claim entitling him to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). A defendant bears the burden of establishing a prima facie claim. State v. Gaitan, 209 N.J. 339, 350 (2012). This court must "view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Preciose, 129 N.J. at 462-63.

Here, defendant failed to satisfy either prong of Strickland/Fritz. The sentencing judge determined that no mitigating factors applied to defendant's circumstances, and sentenced defendant in accordance with his plea agreement. While defendant's sentencing counsel's "failure to present mitigating evidence or argue for mitigating factors" may rise to the level of ineffective assistance of counsel, even within the confines of a plea agreement, Hess, 207 N.J. at 154, sentencing counsel's "failure to raise unsuccessful legal arguments does not

5

constitute ineffective assistance of counsel," State v. Worlock, 117 N.J. 596, 625 (1990). The PCR judge examined each of defendant's alleged mitigating factors and determined that even if defendant's sentencing counsel argued in favor of their application, the result of the sentencing hearing would not have been different.

As to mitigating factor two, defendant did not contemplate that his conduct would cause or threaten serious harm, and mitigating factor three, defendant acted under a strong provocation, the PCR judge found that neither was applicable. Defendant pled guilty to armed robbery, which the PCR judge noted "by definition contradict[s] the idea that [defendant] did not contemplate that his conduct would threaten serious harm." And defendant's previous and current struggle with drug addiction does not qualify as provocation. The PCR judge observed that while "addiction and related stress and mental health issues" may internally provoke someone, mitigating factor three contemplates external provocation.

As to factor four, substantial grounds tending to excuse or justify defendant's conduct, though failing to establish a defense, the PCR judge properly observed that defendant's claim that his drug addiction is a substantial ground tending to excuse or justify his conduct is unavailing. Our Court has

6

found that drug addiction does not excuse or justify a defendant's conduct. State v. Ghertler, 114 N.J. 383, 390 (1989) (rejecting "defendant's contention that his drug dependency should be considered a mitigating factor"); see also State v. Setzer, 268 N.J. Super. 553, 567-68 (App. Div. 1993) (noting that intoxication during the commission of a crime is not an excuse or justification for the commission of a crime).

As to factor seven, defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time, defendant does have prior criminal history or delinquency prior to his commission of the robberies. PCR judge correctly noted that although defendant does not have prior felony convictions, defendant's two prior municipal court convictions indicate he has not led a law-abiding life as contemplated in mitigating factor seven. See State v. Buckner, 437 N.J. Super. 8, 38 (App. Div. 2014) (finding that a defendant's prior municipal convictions, as well as multiple arrests and a bench warrant, supported the sentencing judge's determination that a defendant had not led a law-abiding life).

As to factor eight, defendant's conduct was the result of circumstances unlikely to recur, defendant's assertion that he has been receiving assistance for his substance abuse and mental health issues since he has been incarcerated have

no bearing on whether counsel rendered effective assistance at the sentencing hearing. The PCR judge explained that this development is "not relevant to the issue of whether at the time of the sentencing there was any basis for an argument that the circumstances that led to the robberies, the addiction and mental health and emotional problems, would not come up again in the future."

As to factor nine, defendant's character and attitude indicated that he was unlikely to commit another offense, defendant's assertion that "his time so far in prison has helped him to realize . . . and to have the self-realization of how he ended up where he was and what he did for that spree of a month's period of time" was unavailing. The PCR judge properly noted that defendant's time in prison and his revelations therein are "not relevant on the question at the time that he was sentenced for four separate robberies," and "there was no basis for an argument at the time that [defendant's] character and attitude indicated that he would not likely commit another offense."

As to factor ten, defendant would likely respond to probationary treatment, the crimes that defendant pled guilty to carry a presumption of imprisonment. As a result, defendant was not eligible for a probationary term because he cannot establish that a prison sentence would constitute a serious injustice which overrides the need to deter others from committing robbery. See

8

N.J.S.A. 2C:44-1(d); State v. Sene, 443 N.J. Super. 134, 144-45 (App. Div. 2015) (noting that factor ten is inapplicable when the offense carries a presumption of imprisonment unless the record supports a finding of "serious injustice" (quoting State v. Evers, 175 N.J. 355, 388 (2003))).

As to factor eleven, defendant's imprisonment would result in excessive hardship to himself or his dependents, the PCR judge noted that the alleged hardship for his spouse and mother are "not relevant considerations" because neither are his dependents. As to defendant's main assertion that his incarceration would be a hardship to his children, the PCR judge noted that "the [L]egislature recognized that [any time] a parent goes to prison, that's a hardship on that parent's children." However, "the statute says excessive hardship and the case law indicates that there needs to be something . . . proven above and beyond the standard degree of hardship that any children would experience," which defendant failed to establish. See State v. Hynan, 451 N.J. Super. 429, 460 (App. Div. 2017) (rejecting application of factor eleven because the defendant failed to show that "his children would experience 'excessive' hardship from his absence").

The PCR judge concluded that "none of the mitigating factors that have been advocated by [defendant] . . . applied" to defendant's circumstances and

asserting those mitigating factors "would not have made any difference in the outcome of th[e] proceeding at sentencing." As a result, sentencing counsel's failure to arguing in favor of the application of mitigating factors was not ineffective assistance of counsel.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3068-19