COURT OF APPEALS OF VIRGINIA

Present: Judges Causey, Raphael and Senior Judge Clements

QUINCY EUGENE MOORE

                                                    MEMORANDUM OPINION*
v.        Record No. 0468-24-2                            PER CURIAM
                                                    DECEMBER 2, 2025
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                            Kimberley S. White, Judge[1]

            (Mark B. Arthur; Mark B. Arthur, PC, on brief), for appellant.

            (Jason S. Miyares, Attorney General; Timothy J. Huffstutter,
            Assistant Attorney General, on brief), for appellee.


        Under the terms of a written plea agreement, Quincy Eugene Moore entered a conditional

*Alford*[2] guilty plea for voluntary manslaughter[3] and leaving the scene of an accident involving

death or serious bodily injury. Moore reserved his right to appeal the trial court's pre-trial denial

of his motion to dismiss or elect. Moore stipulated to the sufficiency of the Commonwealth's

evidence and acknowledged that there was no agreement on sentencing. The trial court

---

        * This opinion is not designated for publication. *See* Code § 17.1-413(A).

        [1] The Honorable Kimberley S. White presided over the proceedings below. Now a
member of this court, Judge White took no part in this decision.

        [2] "An individual accused of crime may voluntarily, knowingly, and understandingly
consent to the imposition of a prison sentence even if he is unwilling or unable to admit his
participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U.S. 25, 37
(1970). *Alford* pleas allow "criminal defendants who wish to avoid the consequences of a trial to
plead guilty by conceding that the evidence is sufficient to convict them, while maintaining that
they did not participate in the acts constituting the crimes." *Carroll v. Commonwealth*, 280 Va.
641, 644-45 (2010) (quoting *Parson v. Carroll*, 272 Va. 560, 565 (2006)).

        [3] The Commonwealth amended Moore's indictment from murder in the second degree to
the lesser included offense of voluntary manslaughter as part of the plea agreement.

sentenced Moore to 20 years' incarceration with 4 years and 12 months suspended. On appeal, Moore contends that the trial court erred when it denied his motion to dismiss or elect. Finding no error, we affirm the convictions.[45]

BACKGROUND

We "recite the facts 'in the light most favorable to the Commonwealth, the prevailing party in the trial court.'" *Camann v. Commonwealth*, 79 Va. App. 427, 431 (2024) (en banc) (quoting *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)). In doing so, we discard any evidence that conflicts with the Commonwealth's evidence, and regard as true all the credible evidence favorable to the Commonwealth and all inferences that can be fairly drawn from that evidence. *Commonwealth v. Cady*, 300 Va. 325, 329 (2021).

The facts of the case are not in dispute. In 2020, Quincy Moore and Donald Jeffreys had a verbal and physical altercation at a neighborhood gathering. Party attendees separated them, and Jeffreys walked away still making verbal threats. Although Jeffreys was approximately 500 feet away from the party, Moore, "still angry, jumped" into his girlfriend's car and sped down the street toward Jeffreys, who was walking "in or near the center of the street." Moore struck Jeffreys at "36 miles per hour" and fled after making two U-turns to return to the site of impact. Moore did not report the event to the police and remained at large for two days. Jeffreys died at the scene from blunt force injuries to his head and neck.

---

[4] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." *See* Code § 17.1-403(ii)(c); Rule 5A:27(c).

[5] The June 27, 2022 sentencing order incorrectly cites a non-existent Code § 18.2-250.35, instead of Code § 18.2-35 for the "Manslaughter: Voluntary" conviction. While we affirm the trial court's judgment, we will remand to correct this typographical error. *See* Code § 8.01-428 ("Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative[.]").

Police found the car at Moore's girlfriend's house with the windshield shattered and blood-stained on the driver side. The medical examiner and forensic analysis confirmed that the glass shards extracted from Jeffreys' head and chest matched the windshield glass and that the blood on the car was a DNA match to Jeffreys. Moore was charged with second-degree murder and felony leaving the scene of an accident involving death or serious bodily injury, colloquially known as hit and run.

Moore moved to dismiss or for the Commonwealth to elect which of the charges it would proceed on, arguing that the proof of an element required for one offense "necessarily require[d] proof of an opposite element in the other offense." Specifically, he argued that for the Commonwealth to prevail on a second-degree murder offense, it must prove malice and intentionality.[6] But, he argued, the hit and run statute requires a driver involved in an *accident* in which a person is killed to stop and render aid and report the event to law enforcement. In a pre-trial hearing on his motion and the Commonwealth's motion to amend the jury instruction on hit and run, Moore argued that because the statute does not define "accident," its ordinary meaning is an event that "is not planned or intended and causes damage or injury." Thus, the unintentional nature of a hit and run is contrary to the intent required for second-degree murder, so the trial court should dismiss both indictments, or require the Commonwealth to elect which indictment it would take to trial.

The trial court denied Moore's motion and granted the Commonwealth's motion to amend the hit and run jury instruction from "accidental" to "unintentional," finding that it was a "proper solution . . . when . . . talking about an accidental defense to murder." The trial court later accepted Moore's *Alford* plea, convicted him of voluntary manslaughter and hit and run; it

---

[6] The Commonwealth amended the charge from second-degree murder to manslaughter. Voluntary manslaughter requires proof of an intentional act but not malice. Code § 18.2-35.

sentenced him to 20 years' incarceration, suspending 4 years and 12 months. This appeal follows.

## ANALYSIS

"It is well established that the choice of offenses for which a criminal defendant will be charged is within the discretion of the Commonwealth's Attorney." *Davis v. Commonwealth*, 70 Va. App. 722, 735 (2019) (quoting *Kauffmann v. Commonwealth*, 8 Va. App. 400, 410 (1989)). "Indeed, 'the institution of criminal charges, as well as their order and timing, are matters of prosecutorial discretion.'" *Barrett v. Commonwealth*, 268 Va. 170, 178 (2004) (quoting *Barrett v. Commonwealth*, 41 Va. App. 377, 391 (2003)). "In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

"The Commonwealth is free to indict an individual for as many separate crimes as the Commonwealth, in good faith, thinks it can prove." *Buchanan v. Commonwealth*, 238 Va. 389, 397 (1989). And "the Commonwealth is free to charge the commission of a single offense in several different ways in order to meet the contingencies of proof." *Id.* So "the fact that separate statutes may overlap in their proscription of specific conduct does not detract from their independent enforcement except when double jeopardy concerns are implicated." *McDonald v. Commonwealth*, 274 Va. 249, 259 (2007). Moore has not suggested any double jeopardy concerns and his argument underscores that no such concerns exist here because each of the two charged offenses "requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

"Every unlawful homicide is presumed to be murder in the second degree." *Elliot v. Commonwealth*, 30 Va. App. 430, 436 (1999). "Second-degree murder does not require a specific

intent to kill." *Tizon v. Commonwealth*, 60 Va. App. 1, 11 (2012). "If he acts with malice, the accused need only intend 'to perform the conduct' causing the victim's death." *Id.* (quoting Ronald J. Bacigal, *Criminal Offenses and Defenses* 340 (2011-12)). "Malice is evidenced either when the accused acted with a sedate, deliberate mind, and formed design, or committed any purposeful and cruel act without any or without great provocation." *Diaz v. Commonwealth*, 80 Va. App. 286, 314, (2024) (quoting *Woods v. Commonwealth*, 66 Va. App. 123, 131 (2016)). Malice may be implied from use of a deadly weapon, including a motor vehicle. *Flanders v. Commonwealth*, 298 Va. 345, 358 (2020). The Commonwealth's evidence established that after a verbal and physical altercation at a neighborhood gathering, Jeffreys left on foot. Still angry, Moore drove his girlfriend's car into Jeffreys at 36 miles per hour, killing him. Thus, the Commonwealth had probable cause to believe that Moore committed second-degree murder and could level that charge in good faith. *Buchanan*, 238 Va. at 397.

> The driver of any vehicle involved in an accident in which a person is killed or injured . . . shall immediately stop as close to the scene of the accident as possible without obstructing traffic, . . . and report his name, address, driver's license number, and vehicle registration number forthwith to the State Police or local law-enforcement agency, to the person struck and injured if such person appears to be capable of understanding and retaining the information, or to the driver or some other occupant of the vehicle collided with or to the custodian of other damaged property. The driver shall also render reasonable assistance to any person injured in such accident, including taking such injured person to a physician, surgeon, or hospital if it is apparent that medical treatment is necessary or is requested by the injured person.

Code § 46.2-894. Virginia case law is clear that, in the context of felony hit and run, "it makes *no difference* whether the collision was intentional or unintentional." *Milazzo v. Commonwealth*, 276 Va. 734, 738 (2008) (emphasis added). After striking Jeffreys with the car, Moore fled the scene and failed to report the incident to the police. Thus, the Commonwealth had probable cause to believe that Moore was guilty of hit and run.

Moore acknowledges *Milazzo* but argues that his case is distinguishable because, in his view, the indictments "negate one another given that the proof of an element of one offense necessarily requires proof of an opposite element in the other offense."  We disagree.  *Milazzo* could not be more clear: criminal liability attaches irrespective of whether "the collision was intentional or unintentional."  276 Va. at 738.  *Milazzo* defeats the premise of Moore's argument.  Under this circumstance, we cannot say that the trial court erred in denying his motion.

CONCLUSION

"The Commonwealth was not required to make an election."  *Buchanan*, 238 Va. at 397.  Accordingly, we affirm the trial court's judgment and remand only for correction of the typographical error, *supra* footnote 5.

*Affirmed and remanded.*